IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES NORMAN HILL, III | 1:08-cv-01322-DLB (PC) |
| Plaintiff, | ORDER DISMISSING CASE WITHOUT PREJUDICE FOR FAILURE TO OBEY COURT ORDER |
| vs. | |
| SOARES, et al., | (Doc. 6). |
| Defendants. | |
| _____/ | |

Plaintiff is a state prisoner proceeding pro se in this civil rights action. On September 4, 2008, Plaintiff filed an application for waiver of court fees and costs (in forma pauperis), using what appears to be a state court form.[1] On September 24, 2008, the court issued an order directing Plaintiff to complete and submit the attached application to proceed in forma pauperis or pay the filing fee, within forty-five days. The forty-five-day period has now expired, and plaintiff has not filed an application to proceed in forma pauperis or otherwise responded to the court's order. On September 25, 2008, Plaintiff filed written consent to the jurisdiction of the

---

[1] The form does not authorize the agency having custody of Plaintiff to collect from Plaintiff's trust account and forward to the Clerk of the United States District Court payments in accordance with 28 U.S.C. section 1915(b)(2).

–1–

United States Magistrate Judge.

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case."  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)(dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of

injury arises from the occurrence of unreasonable delay in prosecuting an action.  <u>Anderson v.</u>
<u>Air West</u>, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring
disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal
discussed herein.  Finally, a court's warning to a party that his failure to obey the court's order
will result in dismissal satisfies the "consideration of alternatives" requirement.  <u>Ferdik v.</u>
<u>Bonzelet</u>, 963 F.2d at 1262; <u>Malone</u>, 833 at 132-33; <u>Henderson</u>, 779 F.2d at 1424.  The court's
order expressly stated: "Failure to comply with this order will result in a recommendation that
this action be dismissed."  Thus, plaintiff had adequate warning that dismissal would result from
his noncompliance with the court's order.

    Accordingly, the court HEREBY ORDERS this action dismissed without prejudice based
on plaintiff's failure to obey the court's order of September 24, 2008.  The Clerk of the Court is
DIRECTED to close this action.


    IT IS SO ORDERED.

    **Dated:   March 17, 2009**              **/s/ Dennis L. Beck**
                                             UNITED STATES MAGISTRATE JUDGE